UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARRIN LaPINE,

        Plaintiff,

v.

JAMES ATTERBERRY, *et al*.,

        Defendants.
_____/

Case Nos.  1:06-CV-647

Hon. Richard Alan Enslen

**OPINION**

    This issue is before the Court on Plaintiff Darrin LaPine's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of September 27, 2006, which recommended Plaintiff's Complaint be dismissed for failure to state a claim. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    Plaintiff first objects to the Magistrate Judge's dismissal of his Complaint because the Magistrate Judge did not consider his Motion to Amend/Correct filed on September 25, 2006. The

Court notes that Plaintiff did not attach a proposed Amended Complaint to the Motion and therefore, the Magistrate Judge did not have available the new claims or facts that Plaintiff would have alleged. *See* W.D. MICH. LCIVR 5.7(f) (Proposed Pleadings). Therefore, it was not improper for the Magistrate to issue the Report and Recommendation.

Plaintiff also objects that Count One was improperly dismissed.[1] Plaintiff argues that his claims against the named Defendants were proper as all three are agents of the Michigan Department of Corrections ("MDOC") and, therefore, have authority over Plaintiff through the "chain of command." (Pl.'s Br. 4.) The Court notes that Plaintiff still does not allege that any of the three named Defendants actually committed the list of retaliatory acts. Further, to the extent that Plaintiff appears to argue the retaliation claims are proper against Defendants because of *respondeat superior* theory, such claims still fail. (*Id*.) "The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act." *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002)). Liability under § 1983 must be based upon active unconstitutional behavior. *Greene*, 310 F.3d at 899. Therefore, Plaintiff cannot properly premise liability under § 1983 upon the theory of *respondeat superior*. For these reasons, Plaintiff's objection is denied.

Plaintiff objects to the Magistrate Judge's finding that his claims stated in Counts Two and Three as well as in Counts Four, Five, Six and Seven are barred by *res judicata* (claim preclusion). Plaintiff previously filed a § 1983 claim, concerning the same underlying parole hearing and denial,

---

[1] Plaintiff objects to the dismissal of Count One because he was not allowed to amend his Complaint which would have named other Defendants against whom a retaliation claim would be proper. However, as discussed previously, Plaintiff did not indicate that these new Defendants are known in his Motion to Amend/Correct; therefore, the Magistrate Judge's Report was not in error.

against the same three Defendants in addition to the Michigan Parole Board and the Michigan Department of Corrections, alleging he was unlawfully denied parole. *LaPine v. Rubitschun et al.*, No. 1:06-cv-249 (W.D. Mich.). Specifically, Plaintiff alleged in the previous suit that his right to due process was denied when those Defendants used inaccurate information, incorrectly scored his parole guideline sheet, listed false information in the parole decision, and conducted his parole hearing in an impermissible manner. *LaPine*, No. 1:06-cv-249 (Dkt. No. 1.) The Court dismissed Plaintiff's action with prejudice because Defendants were immune and also because those claims failed to state a claim. *LaPine*, No. 1:06-cv-249 (Dkt. Nos. 29 & 30). Plaintiff avers generally that his current claims against Defendants are different from his previous lawsuit and claims *res judicata* should not apply because the current claims are based on an amended parole continuance which issued on May 2, 2006, rather than the original parole continuance which issued on December 19, 2005.

*Res judicata* bars a subsequent action between the same parties "based upon the same claims or causes of action that were or could have been raised and litigated in a prior action." *Page v. Monroe City Dep't of Bldg. & Zoning*, 42 Fed. App. 760, 761 (6th Cir. 2002) (citation omitted). *Res judicata* is applicable when there is: (1) a final decision on the merits; (2) a subsequent action between the same parties; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Id*. (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). A dismissal for failure to state a claim is a valid judgment on the merits for *res judicata* purposes. *Guzowki v. Hartman*, 969 F.2d 211, 216 (6th Cir. 1992) (citation omitted).

In the instant action, Plaintiff is suing the same partes, disputing the same underlying parole board hearing, and the same parole board denial. The only differences between the two continuances are that the second continuance corrected certain factual errors that Plaintiff brought to light and also added one sentence stating "prisoner was given an RGC Recommendation for AOT and he has not completed the AOT as of yet." (Pl.'s Compl. Ex. B at 3.)

In this action, the Magistrate Judge was correct in her assessment that Claims Two, Three, Four, Five, Six and Seven are all barred by *res judicata*. All of these claims could have been brought in the first action before this Court.[2] Therefore, where Plaintiff could have brought inaccurate information-based parole denial claims and AOT-related parole denial claims against Defendants in *LaPine*, No. 1:06-cv-249, these claims are barred by *res judicata* and the objection is denied.

For these reasons, the Court will deny Plaintiff's Objections and adopt the Report. The Court will also dismiss Plaintiff's action in its entirety. The Court certifies that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:            /s/ Richard Alan Enslen
   December 11, 2006              RICHARD ALAN ENSLEN
                                  SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that in Counts Five, Six and Seven, Plaintiff alleges that Defendants violated his due process rights by listing false information in his parole report, and violated his right to be free from double jeopardy by denying his parole based on information that had already been considered at sentencing. (Pl.'s Compl. ¶¶ 18-22.) In the previous action, Plaintiff *did* bring substantially similar claims, claiming Defendants violated his Fifth and Fourteenth Amendment rights when they considered false or inaccurate information (Count I), and used false or inaccurate information in denying his parole (Counts II and IV). *LaPine*, 1:06-cv-249, (Dkt. No. 1).